UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BEST FLOORING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:12-cv-5-WTL-TAB |
| | ) |
| BMO HARRIS BANK, N.A. f/k/a | ) |
| M&I MARSHALL & ILSLEY BANK, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on the Motion to Dismiss Amended Complaint filed by the Defendant, BMO Harris Bank, N.A. f/k/a M&I Marshall & Isley Bank ("M&I") (dkt. no. 24). The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

### I.    PROCEDURAL HISTORY

The Plaintiff, Best Flooring, Inc., filed its Complaint against M&I in the Marion County Superior Court on December 2, 2011 alleging claims of unjust enrichment, third-party beneficiary, tortious interference with contracts, and bank control liability.[1] After the matter was removed to this Court, M&I moved to dismiss Best Flooring's Complaint, and this Court granted M&I's motion on August 7, 2012, (dkt. no. 21) after adopting the Report and Recommendation of Magistrate Judge Tim A. Baker (dkt. no. 20).[2] Thereafter, Best Flooring filed its Amended Complaint against M&I on August 21, 2012, realleging claims of unjust enrichment, third-party

---

[1] Best Flooring's Complaint identified the Defendant as M&I Marshall & Isley Bank.

[2] Best Flooring's bank control liability claim was dismissed with prejudice. The remaining claims were dismissed without prejudice.

beneficiary, and tortious interference with contracts (dkt. no. 22).[3] M&I now moves to dismiss Best Flooring's Amended Complaint with prejudice.

## II. PLAINTIFF'S ALLEGATIONS

The following allegations from Best Flooring's Amended Complaint are assumed to be true.

M&I had a loan agreement with Estridge Group, a home construction company, to finance Estridge's construction projects. Best Flooring provided flooring materials, installation services, and warranty coverage to Estridge homes.  Prior to December 3, 2009, Estridge paid Best Flooring directly for flooring work it completed on Estridge projects. In a letter dated December 3, 2009, however, M&I notified Estridge of its intent to enforce a loan agreement provision requiring Estridge to submit financial statements and other project-related information to M&I to support its loan draw requests. Based on Estridge's submissions, M&I would then make payments directly to Estridge's contractors, subcontractors, and material suppliers, including Best Flooring. Thereafter, Best Flooring continued to work on Estridge's projects under the belief that M&I would pay for the labor, materials, and warranty services provided by Best Flooring. Best Flooring claims that M&I failed to pay Best Flooring a total of $289,099.54 for supplies it provided and work it performed on Estridge projects. As a result, Best Flooring initiated the present litigation against M&I.

## I. DISCUSSION

M&I again moves to dismiss Best Flooring's claims (dkt no. 22) pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Amended Complaint fails to state a claim for which relief can be granted.  In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled

---

[3]Best Flooring's Amended Complaint identified the Defendant as BMO Harris Bank, N.A. f/k/a M&I Marshall & Isley Bank.

facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. National Collegiate Athletic Ass'n,* 638 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 638 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007). With that standard in mind, the Court will address the arguments made by M&I.

### A.  Unjust Enrichment

M&I and Best Flooring disagree about the elements of unjust enrichment, and thus what Best Flooring must allege to survive a motion to dismiss under Rule 12(b)(6). Although M&I and Best Flooring agree that Best Flooring must allege (and did allege) that it conferred a measureable benefit on M&I and that M&I's retention of the benefit without payment is unjust, the parties disagree about whether Best Flooring also must allege that M&I expressly or impliedly requested a benefit from Best Flooring. Stated another way, Best Flooring argues that it is merely required to establish (1) that it conferred a measureable benefit on M&I, and (2) that M&I's retention of that benefit without payment is unjust. *See Encore Hotels of Columbus, LLC v. Preferred Fire Protection*, 765 N.E.2d 658, 661 (Ind. Ct. App. 2002). M&I, however, maintains that the elements of unjust enrichment are as follows: "(1) a benefit conferred upon another at the express or implied request of this other party; (2) allowing the other party to retain

3

the benefit without restitution would be unjust; and (3) the plaintiff expected payment." *Woodruff v. Ind. Family & Soc. Serv. Admin.*, 964 N.E.2d 784, 971 (Ind. Ct. App. 2012).

This Court, however, need not and does not address whether Best Flooring is required to allege that M&I expressly or impliedly requested a benefit from Best Flooring, because Best Flooring's Amended Complaint satisfies the pleading requirements of both *Woodruff* and *Encore*. In this regard, Best Flooring's Amended Complaint sufficiently alleges the added element argued by M&I, i.e., that M&I expressly or impliedly requested that Best Flooring perform work on Estridge projects.

Best Flooring's Amended Complaint contains the following factual allegations:

> 10. On and after December 3, 2009, M&I required that all sales contracts between Estridge and homebuyers be approved by it prior to beginning construction of the homes.
>
> 11. On and after December 3, 2009, M&I required that Estridge submit, with its request for approval of a sales contract, a certified list of contractors and suppliers that would be providing any goods or services on the home; as well as a budget for all proposed improvements.
>
> 12. Pursuant to this demand by M&I, as passed to the subcontractors by Estridge, Best Flooring submitted purchase orders to Estridge indicating with specificity the amount Estridge would be charged for both labor and supplies to provide the flooring on each individual home. Estridge then provided this information to M&I, and M&I approved both Best as a supplier and contractor for each of these homes, and approved the amount that Best would charge for providing the labor and materials.
>
> . . .
>
> 16. For a period of time after December 3, 2009, Best Flooring did receive timely payments of funds released by M&I. In every case, for work already completed, the work was subsequent to an inspection by an employee or independent contractor of M&I who inspected the work to ensure that such work was completed before funds were released by M&I.
>
> . . .

19. Over the course of months, when Best Flooring complained directly to M&I through phone messages and email to Ms. Esther Carter, no response was received. When Best Flooring complained to Estridge, Estridge explained that since Best Flooring provided some of the last work completed on the home, M&I could not conduct a final inspection prior to the closing, and so Best Flooring would have to wait until after the closing to be paid.

20. On February 7, 2011, M&I prepaid $68,743.00 worth of purchase orders from Best via check dated February 3, 2011. This check was written on Estridge's account, but was picked up by Best Flooring at M&I's main office in downtown Indianapolis.

. . .

22. M&I controlled all actions at Estridge at all relevant times.

23. M&I controlled when and how subcontractors got paid, and subcontractors would only get paid on M&I approval.

The foregoing allegations sufficiently allege that M&I expressly or impliedly requested that Best Flooring perform work on Estridge projects.

Because the allegations in Best Flooring's Amended Complaint satisfy the pleading requirements argued by both M&I and Best Flooring, M&I's motion to dismiss Best Flooring's unjust enrichment claim is denied.

## B.  Third-Party Beneficiary

M&I also argues that Best Flooring's third-party beneficiary claim is deficient and must be dismissed. Under Indiana law, for a contract to be enforceable by a third party,

> [I]t must clearly appear that it was the purpose or a purpose of the contract to impose an obligation on one of the contracting parties in favor of the third party. It is not enough that performance of the contract would be of benefit to the third party. It must appear that it was the intention of one of the parties to require performance of some part of it in favor of such third party and for his benefit and that the other party to the agreement intended to assume the obligation thus imposed. The intent of the contracting parties to bestow rights upon a third party must affirmatively appear from the language of the instrument when properly interpreted and construed.

*City of Indianapolis v. Kahlo*, 938 N.E.2d 734, 742 (Ind. Ct. App. 2010). In other words, "a third-party beneficiary contract is formed when (1) the parties intend to benefit a third party, (2) the contract imposes a duty on one of the parties in favor of the third party and (3) the performance of the terms of the contract renders a direct benefit to the third party." *Deckard v. Gen. Motors Corp.*, 307 F.3d 556, 561 (7th Cir. 2002) (applying Indiana law). Furthermore, a plaintiff must establish that the defendant breached or failed to perform a requirement under the subject contract and that the breach or failure to perform harmed the plaintiff. *See e.g.*, *Stevens v. Hous. Auth. of S. Bend*, 720 F.Supp.2d 1013, 1029 (N.D. Ind. 2010) (dismissing on summary judgment a plaintiff's claim as a purported third-party beneficiary because she failed to show there was a breach of the subject contract).

M&I argues that Best Flooring's third-party beneficiary claim should be dismissed for two reasons: (1) The loan agreement between M&I and Estridge and the December 3, 2009 letter were not intended to benefit Best Flooring, and (2) Best Flooring fails to allege that Estridge satisfied its requirements under the loan agreement such that M&I breached the loan agreement when it failed to make loan advances directly to Best Flooring.

Indiana courts have recognized that "the intent to benefit the third party is the controlling factor [in third-party beneficiary cases] and may be shown by specifically naming the third party or by other evidence." *Luhnow v. Horn*, 760 N.E.2d 621, 628 (Ind. Ct. App. 2001). In this case, Best Flooring argues that the December 3, 2009 letter and several other facts establish that it was an intended third-party beneficiary of the agreement between M&I and Estridge. This is sufficient to satisfy the notice pleading standard with regard to this issue, as it raises the possibility that Best Flooring was an intended beneficiary beyond the speculative level.

Best Flooring also argues that Estridge was required to but did not allege that Estridge "fully" satisfied its requirements under the loan agreement. Specifically, M&I maintains that the Amended Complaint "erroneously leaves to speculation whether [the] covenants and conditions were satisfied [by Estridge] at the time M&I failed to pay Best Flooring's invoices, and thus, whether M&I had any obligation to fund further loan advances requested by Estridge." Def.'s Resp. at 13. Best Flooring, however, is not required to specifically allege that Estridge met each and every requirement under the loan agreement. *See Tamayo v. Blagojevich*, 526 N.E.2d 1074, 1085 (7th Cir. 2008) (noting that a "complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense"). Further, the December 3, 2009 letter, which serves as the basis for Best Flooring's claim, states that Estridge must submit a written draw request and a draw request worksheet to M&I. The letter simply states that M&I "will make advances under the Loan, if adequately supported in each Request." Am. Compl. at Ex. B, p. 1.

Best Flooring's Amended Complaint alleges as follows:

> 33. The clear intent of the letter of December 3, 2009 is to make Best Flooring and all Estridge subcontractors third party beneficiaries of the contract between M&I and Estridge.
>
> 34. The letter imposes a duty upon M&I to pay subcontractors, including Best Flooring, for labor and materials provided pursuant to any contracts with Estridge.
>
> 35. In every instance, Estridge provided the documentation required under its contract with M&I for M&I to pay Best Flooring. In Best Flooring's case, its purchase orders acted as the invoices as well once work was completed.
>
> 36. Since Best Flooring's work was near the completion of the construction process, Estridge requested that Best Flooring be paid from funds at closing, since M&I had not already paid.
>
> 37. Performance of the contract terms is necessary to render to Best Flooring the direct benefit intended by the parties to the agreement.

> 38. As a result of being a third party beneficiary to that contract, Best Flooring is still owed … $289,099.54, plus interest.

Given these allegations and the contents of the December 3, 2009 letter, Best Flooring's Amended Complaint sufficiently alleges a third-party beneficiary claim against M&I. Accordingly, M&I's motion to dismiss Best Flooring's third-party beneficiary claim is denied.

### C. Tortious Interference with a Contract

Lastly, M&I argues that Best Flooring's claim for tortious interference with a contract should be dismissed. Under Indiana law,

> A plaintiff alleging tortious interference with a contractual relationship must establish five elements: (1) the existence of a valid and enforceable contract; (2) the defendant's knowledge of the existence of the contract; (3) the defendant's intentional inducement of the breach of the contract; (4) the absence of justification; and (5) damages resulting from the defendant's wrongful inducement of the breach.

*Allison v. Union Hosp., Inc.*, 883 N.E.2d 113, 118 (Ind. Ct. App. 2008). Best Flooring's Amended Complaint sufficiently alleges the first, second, third, and fifth elements of its tortious interference with a contract claim. M&I argues, however, that Best Flooring's claim fails under the fourth element. In other words, M&I argues that Best Flooring did not sufficiently allege that M&I's actions were unjustified.

First, M&I maintains that it's "actions served its own business interests as a lender and that justification defeats Best Flooring's tortious interference theory." Def.'s Resp. at 13. This argument, however, goes to the merits of the claim and requires factual determinations that are not appropriate for a motion to dismiss under Rule 12(b)(6).[4] Therefore, the Court need not and does not address whether M&I's actions were justified.

---

[4] Indiana courts weigh the following factors when determining whether a party's actions were justified:

Second, M&I argues that Best Flooring was required to, but did not, allege that M&I's conduct was intended for the sole purpose of causing injury and damage to Best Flooring. Although Indiana courts may require such a specific allegation, *see Morgan Asset Holding Corp. v. CoBank, ACB*, 736 N.E.2d 1268, 1270 (Ind. Ct. App. 2000), this Court finds that Best Flooring's allegations sufficiently allege a tortious interference with a contract claim under the federal notice pleading requirements. To that end, Best Flooring's Amended Complaint contains more than "[t]hreadbare recitals of the elements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and alleges facts sufficient to raise a plausible tortious interference with a contract claim. Specifically, the Amended Complaint includes factual allegations indicating that M&I's actions were without justification and that M&I targeted Best Flooring because of its "position as one of the last sub-contractors to work on the homes, to implement [its] strategy of non-payment." Am. Compl. at ¶ 47. As a result, M&I's motion to dismiss Best Flooring's tortious interference with a contract claim is also denied.

## II.    CONCLUSION

For the reasons set forth above, the Defendant's motion to dismiss is **DENIED** in its entirety.

---

(a)    the nature of the defendant's conduct;
(b)    the defendant's motive;
(c)    the interests of the plaintiff with which the defendant's conduct interferes;
(d)    the interests sought to be advanced by the defendant;
(e)    the social interests in protecting the freedom of action of the defendant and the contractual interests of the plaintiff;
(f)    the proximity or remoteness of the defendant's conduct to the interference; and
(g)    the relations between the parties.

*Bilimoria Computer Sys., LLC v. Am. Online, Inc.*, 829 N.E.2d 150, 156 (Ind. Ct. App. 2005).

Further, in reviewing the instant motion, it came to the Court's attention that the Amended Complaint filed by Best Flooring was not signed by counsel. **Within 7 days of the date of this Entry**, Best Flooring shall file a corrected Amended Complaint which shall be identical in all respects to the Amended Complaint currently on file except that it shall be signed. The deadline for the Defendant to file its Answer to the Amended Complaint shall run from the date the corrected Amended Complaint is filed.

SO ORDERED:  01/15/2013

*(signature)*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.